IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACI L. B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01497-S-BT |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Traci L.B.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 5). For the reasons explained below, the District Court should REVERSE the Commissioner's decision and REMAND the case for further administrative proceedings.

---

[1] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

## Background

Plaintiff alleges she is disabled due to various physical and mental impairments, including "difficulty remembering, heart disease, asthma, and high blood pressure." Pl.'s Br. 2 (ECF No. 19); *see* Admin. R. pt. 1, at 57, 101, 406 (ECF No. 15-1). On August 4, 2017, she applied for disability insurance benefits, alleging disability beginning May 9, 2017. *Id.* at 332-33. After her application was denied initially and upon reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether she is disabled. *Id.* at 146. The hearing occurred on January 4, 2019. *Id.* at 69-90.

The ALJ issued a decision on May 30, 2019, finding that Plaintiff was not disabled and thus not entitled to disability benefits. *Id.* at 143-54. Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 164. The Appeals Council remanded the case to the ALJ for further proceedings. *Id.* A second hearing took place on December 14, 2020. *Id.* at 45.

In a written decision dated January 21, 2021, the ALJ ruled against Plaintiff again. *Id.* at 29. The ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *See Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The ALJ found Plaintiff had not engaged in

substantial gainful activity since May 9, 2017. Admin. R. pt. 1, at 21. The ALJ also found that Plaintiff had severe impairments of chronic heart failure, atrial septal aneurysm, hypertension, obesity, and a history of cardiomyopathy, but Plaintiff's impairments did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* 21-23. The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a significant range of light work. *Id.* at 24. And, relying on the testimony of a vocational expert, the ALJ concluded Plaintiff could perform her past relevant work as a retail store manager, jailer, and court clerk. *Id.* at 29. Thus, the ALJ determined that Plaintiff is not disabled and not entitled to disability benefits.

Plaintiff appealed the ALJ's January 21, 2021 decision to the Appeals Council. *See id.* at 9. And this time, the Council denied review. *Id.* at 9. Plaintiff then filed her civil action in federal district court, in which she contends the ALJ erred in finding her not disabled. In several grounds for relief, Plaintiff argues: (1) the ALJ erred in finding that Plaintiff's mental impairments were non-severe; (2) the ALJ failed to include Plaintiff's mental limitations in her RFC; (3) the ALJ erred in evaluating medical opinion evidence in the record; and (4) the Social Security Administration's single Commissioner for-cause removal structure is unconstitutional. *See* Pl.'s Br. 1. The parties have fully briefed the issues, and the matter is ripe for determination.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (internal quotation marks omitted) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

**Analysis**

Among the arguments made by Plaintiff is at least one ground that compels remand—the ALJ failed to comply with the Appeals Council's remand order. Based on the ALJ's noncompliance with the Appeals Council's remand order at step two,

the ALJ failed to apply the proper legal standard and her decision that Plaintiff's mental impairments are not severe was not supported by substantial evidence.

    I.    <u>The ALJ failed to comply with the Appeals Council's remand order</u>.

The Appeals Council vacated the ALJ's May 30, 2019 decision and remanded the case to the ALJ for further proceedings. Admin R. pt. 1, at 164-65. Specifically, the Appeals Council instructed the ALJ on remand to: evaluate the post-hearing evidence not addressed or exhibited in the hearing decisions; further evaluate Plaintiff's alleged symptoms and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms; further evaluate Plaintiff's mental impairment in accordance with the special technique described in the disability regulations, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in the regulations; give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; and if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. *Id.* The ALJ failed to follow the Appeals Council's mandate.

The social security regulations require the ALJ to follow directives issued by the Appeals Council. *See* 20 C.F.R. § 404.977(b) (The ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."). Nonetheless, the

Fifth Circuit has held that an ALJ's failure to comply with the Appeals Council's remand order does not, by itself, constitute reversible error. *Henderson v. Colvin*, 520 F. App'x 268, 273 (5th Cir. 2013). Rather, remand is warranted only where the ALJ's decision fails to apply the proper legal standard or the decision is not supported by substantial evidence. *Id.*; *Luzenia K. v. Saul*, 2020 WL 2574933, at *7 (N.D. Tex. May 20, 2020) (Rutherford, J.), *aff'd sub nom. Keel v. Saul*, 986 F.3d 551 (5th Cir. 2021).

Here, the Appeals Council's remand order instructed the ALJ to, among other things, "[f]urther evaluate [Plaintiff's] mental impairment in accordance with the special technique described in 20 CFR 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c)." Admin R. pt. 1, at 164. The "special technique" refers an additional evaluation process the ALJ must follow when evaluating the severity of a plaintiff's mental impairment. *Randall v. Astrue*, 570 F.3d 651, 658 (5th Cir. 2009) (per curiam); *Mattie D. C. v. Berryhill*, 2019 WL 1084185, at *3 (N.D. Tex. Feb. 13, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 1077372 (N.D. Tex. Mar. 7, 2019) (Fitzwater, J.).

Proper application of the special technique requires the ALJ to first consider whether a plaintiff has a medically determinable mental impairment. 20 C.F.R. §§ 416.920a; 404.1520a(b)(1). Once the ALJ finds a plaintiff has a mental impairment, she must rate the degree of functional limitation resulting from the

6

impairment in each of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself (the four functional areas together, the "paragraph B criteria"). *Id.* § 404.1520a(b)(2), (c). These functional areas are rated on a five-point scale: "none," "mild," "moderate," "marked," and "extreme." *Id.* § 404.1520a(c)(4). After the ALJ rates the degree of functional limitation resulting from any mental impairment, the ALJ determines whether the impairment is severe. *Id.* § 404.1520a(d). If the ALJ's assessment is "none" or "mild" in the first three areas of function and is "none" in the fourth area of function, the plaintiff's mental impairment is "not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the plaintiff's] ability to do basic work activities." *Id.* § 404.1520a(d)(1). If the mental impairment is severe, the ALJ must then determine if the impairment meets or equals a listed mental disorder. *Id.* § 404.1520a(d)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

      The ALJ is required to document her application of the technique in the decision. *Id.* § 404.1520a(e). The written decision "must incorporate the pertinent findings and conclusions" regarding the plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the [four broad] functional areas." *Id.* § 404.1520a(e)(4).

In this case, the ALJ found in her May 30, 2019 decision that Plaintiff has a medically determinable mental impairment of anxiety, but that her anxiety is non-severe because it "does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." Admin R. pt. 1, at 149. However, it was not clear from the ALJ's 2019 decision that she properly applied the special technique, in part, because the ALJ did not include any specific findings for any of the paragraph B criteria. Instead, the ALJ identified the functional areas, summarized some of the medical evidence pertinent to Plaintiff's anxiety, and generally concluded that "nothing in the record supports finding that [Plaintiff] had more than a *minimal* limitation in any of the four broad areas of mental functioning." *Id.* at 150 (emphasis added). "Minimal" is not a recognized rating for the paragraph B criteria. *See* 20 C.F.R. § 404.1520a(c)(4) (providing that the functional areas are rated on a five-point scale: "none," "mild," "moderate," "marked," and "extreme"). The ALJ also stated that "[b]ecause [Plaintiff's] medically determinable mental impairment causes no more than '*mild*' limitation in any of the function areas, it is non-severe." Admin R. pt. 1, at 150 (emphasis added). On this record, the Appeals Council ordered the ALJ on remand to "[f]urther evaluate [Plaintiff's] mental impairment in accordance with the special technique described in 20 CFR 404.1520a, *documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c)*." *Id.* at 164-65. (emphasis added).

On remand, the ALJ found Plaintiff has medically determinable mental impairments of anxiety and depression. Admin R. pt. 1, at 21. However, the ALJ failed to properly document her application of the special technique in her January 21, 2021 decision—in contravention of the Appeals Council's instruction to do so. Indeed, a comparison of ALJ's 2019 decision and her January 21, 2021 decision shows the ALJ largely ignored the Appeals Council's instruction. Except for four sentences, the ALJ's multi-page discussion of Plaintiff's medically determinable mental impairments in the 2021 decision is *identical* to her discussion of Plaintiff's anxiety in the 2019 decision—the same discussion the Appeals Council found deficient.

Nowhere in the 2021 decision does the ALJ provide specific findings for each of the paragraph B criteria. Instead, the ALJ merely copies her general, conclusory statement from her earlier decision that "nothing in the record supports finding that [Plaintiff] had more than a minimal limitation in any of the four broad areas of mental functioning." *Compare id.* at 23, *with id.* at 150. And in the next sentence, the ALJ concludes that "[b]ecause [Plaintiff's] medically determinable mental impairments cause no more than 'mild' limitation in any of the function areas, and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities, they are non-severe." *Id.* at 23 (emphasis in original).

Despite the Commissioner's terse statement to the contrary, *see* Def. Resp. 13 (ECF No. 20), it is clear the ALJ failed to comply with the Appeals Council's

instruction to evaluate Plaintiff's mental impairment in accordance with the special technique and document application of the technique in her decision. The ALJ failed to provide specific findings for each of the functional areas. Her decision does not discuss each of the four categories individually. And her decision does not explain how the ALJ concluded that Plaintiff has no more than a "minimal" limitation in each category. Remand is thus warranted if the ALJ's decision fails to apply the proper legal standard or the decision is not supported by substantial evidence. *Luzenia K.*, 2020 WL 2574933, at *7.

> II. Although the ALJ arguably articulated the correct legal standard when considering the severity of Plaintiff's mental impairments, she failed to apply that standard.

Plaintiff argues the ALJ applied an improper legal standard when considering the severity of Plaintiff's mental impairments. Pl.'s Br. 3-4. A severe impairment is "any impairment or combination of impairments which *significantly* limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (emphasis added). Despite this language, the Supreme Court has stated that a step-two severity determination is a "*de minimis*" inquiry. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). And the Fifth Circuit has held that a literal application of § 404.1520(c) would be inconsistent with the Social Security Act because the regulation includes fewer conditions than indicated by the statute. *Bragg*, 567 F. Supp. 2d at 906 (citation omitted). Accordingly, in the Fifth Circuit, an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the

individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101-05 (5th Cir. 1985). Additionally, the determination of severity may not be "made without regard to the individual's ability to perform substantial gainful activity." *Id.* at 1104.

To ensure that the regulatory standard for severity does not limit a plaintiff's rights, the Fifth Circuit held in *Stone* that a court should assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Id.* at 1106; *accord Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Unless the correct standard of severity is used, the claim must be remanded to the Commissioner for reconsideration. *Stone*, 752 F.2d at 1106.

Here, the ALJ arguably expressed the correct standard when the ALJ stated:

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.

Admin R. pt. 1, at 20 (citing 20 CFR § 404.1522; SSR 85-28, 16-3p); *see Keel*, 986 F.3d at 555 (5th Cir. 2021) (holding the SSR 85-28 standard comports with the

11

*Stone* standard). Nonetheless, the Court looks beyond this recitation of the standard to consider whether the ALJ applied the correct standard.

In her 2021 decision, the ALJ found Plaintiff had the medically determinable mental impairments of anxiety and depression. Admin. R. at 13. Yet, she ignored or mischaracterized evidence regarding the severity of Plaintiff's mental impairments, including evidence that those impairments were severe and had more than a minimal effect on her ability to work. *See e.g.*, *id*. at 1036 (examining-physician opinion that Plaintiff had GAF score[2] of 51-60), 2479 (treating-physician's opinion that Plaintiff could not sustain activity at a pace and with the attention to task as would be required in the competitive workplace and that her symptoms would cause her to need unscheduled breaks during an eight-hour workday), 2481 (treating-physician opinion that Plaintiff's symptoms would constantly be severe enough to interfere with the attention and concentration needed to perform even simple work tasks), 2487 (describing Plaintiff's depression

---

[2] Global Assessment of Functioning (GAF) "is a standard measurement of an individual's overall functioning level 'with respect only to psychological, social, and occupational functioning.'" *Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001) (quoting American Psychiatric Ass'n Diagnostic and Statistical Manual of Mental Disorders, at 32 (4th ed. 1994) (DSM–IV)). The GAF scale ranges from 100, denoting superior functioning, to 1, indicating that the patient is in persistent danger of severely hurting herself or others, has a persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. DSM-IV at 32. A GAF score of 51–60 denotes "[m]oderate symptoms" or "moderate difficulty in social, occupational or school functioning." *Id*. at 34.

as "severe"), 2549-50 (medical-opinion evidence characterizing Plaintiff's psychiatric impairments as "moderate to severe").

The ALJ disregarded records from more than five years of clinical treatment for her medically determinable impairments, including evidence that Plaintiff took psychiatric medications and attended therapy. Instead, the ALJ appears to have required "remarkable" evidence of psychiatric impairment, such as a hospital admission, to satisfy the severity standard. *See id.* at 22-23 (noting at least five times in support of her non-severity conclusion that Plaintiff's mental status examinations were "unremarkable"). This is clearly more than *Stone*'s low *de minimus* standard demands. Accordingly, the ALJ's decision fails to apply the proper legal standard.

### III. The ALJ's conclusion that Plaintiff's mental impairments are non-severe is not supported by substantial evidence.

Although Plaintiff's step-two burden is merely *de minimus*, it can be difficult to show substantial evidence does not support an ALJ's decision. *Grennan v. Comm'r of Soc. Sec.*, 2022 WL 2056277, at *7 (N.D. Tex. May 23, 2022) (Ray, J.), *rec. adopted,* 2022 WL 2053168 (N.D. Tex. June 7, 2022) (O'Connor). As stated above, evidence is substantial if it "is more than a mere scintilla," but it need not be greater than a preponderance. *Boyd*, 239 F.3d at 704. It is the bare minimum needed for "a reasonable mind [to] accept to support a conclusion." *Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236). "A finding of no substantial evidence is only appropriate where a reasonable mind could not support the ALJ's

13

conclusion based on the evidence under consideration." *Grennan*, 2022 WL 2056277, at *7. The Court may not reweigh the evidence or substitute its judgment for the ALJ's. *See Harris*, 209 F.3d at 417. But it must "carefully scrutinize" the record to ensure substantial evidence supports the ALJ's conclusion. *Hollis*, 837 F.2d at 1383.

The Court has reviewed the evidence the ALJ relied upon in finding that Plaintiff's mental impairments were non-severe and, even when viewed in a manner "highly deferential" to the Commissioner, *see Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005), the Court finds no reasonable mind could conclude her anxiety and depression are not "severe impairments" under the correct legal standard.

As discussed above, the ALJ applied the wrong legal standard and held Plaintiff to an impermissibly high severity standard. The ALJ improperly rejected or ignored substantial evidence that Plaintiff has a muti-year history of mental health impairments for which she received treatment, including medication and therapy. In 2013, a licensed psychologist diagnosed Plaintiff with "major depressive disorder, recurrent, moderate" and "anxiety disorder," and the psychologist opined Plaintiff had had a GAF score of 51-60. Admin. R. at 1036. A GAF score of 51–60 denotes "[m]oderate symptoms" or "moderate difficulty in social, occupational[,] or school functioning." DSM-IV. at 34. Six years later, Plaintiff's treating physician, John Russell Dykema, M.D., reported Plaintiff continued to experience depressive symptoms and again assigned Plaintiff a GAF

score of 51-60. *Id.* at 1061. At that time, Mary Ellen Bret, M.D., concurred with Dr. Dykema that Plaintiff's psychiatric impairments were "moderate to severe." *Id.* at 2549-50. The ALJ considered Dr. Dykema's opinion in her RFC analysis and expressly found his opinion persuasive, as it was supported by Dr. Dykema's treatment notes and other medical and non-medical evidence that was included in the record. *Id.* at 27. However, the ALJ ignored Dr. Dykema's opinion evidence at step two and refused to find Plaintiff's mental impairments were severe.

The ALJ considered a September 1, 2017 report from Plaintiff's treating physician, Dr. Benavides, relied on by the ALJ, which indicated that Plaintiff did not have "a mental condition that imposes more than minimal limitations." *Id.* at 14. But the ALJ failed to mention another, more specific report from Dr. Benavides, wherein he found specifically that Plaintiff could not sustain activity at a pace and with the attention to task as would be required in the competitive workplace and that her symptoms would cause her to need unscheduled breaks during an eight-hour workday. *Id.* at 2479. Further, Dr. Benavides found that Plaintiff's symptoms would constantly be severe enough to interfere with the attention and concentration needed to perform even simple work tasks. *Id.* at 2481. The ALJ, as discussed, failed to make any specific findings as to Plaintiff's abilities in any functional area.

The ALJ's non-severity decision is otherwise based on evidence she characterizes as "unremarkable" mental status examinations. The ALJ's requirement that Plaintiff satisfy her low burden with "remarkable" evidence only

15

underscores her failure to apply the correct legal standard. The ALJ's conclusion that Plaintiff's mental impairments are non-severe is not supported by substantial evidence. While Plaintiff argues the Commissioner's decision should be reversed and remanded on other grounds, this finding pretermits consideration of Plaintiff's other arguments.

## Recommendation

The District Court should REVERSE the Commissioner's decision and REMAND the case for further administrative proceedings.

**SO RECOMMENDED.**

June 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).